Judge Uhderwood
delivered the opinion of the Court.
This case involves questions, treating of that most important relation in soci'etj', subsisting between husband and wile.
The appellant filed her bill against the appellee, for a divorce and alimony. The ground relied on, consists in charges of cruel, inhuman, and barbarous treatment, and living in adultery, on the part of the husband.
These allegations are denied by the answer. On hearing, the circuit court dismissed the appellant’s bill, refusing relief , to any extent.
The English law recognizes two kinds of divorce, one a vinculo matrimonii, the other a mensa, et thoro.
The statutes of this state, without purporting to repeal all the doctrines and provisions of the laws of England, on these subjects, have substituted and prescribed rules in relation to them, to which the parties in this case have looked, and by which their controversy must be.terminated. By the statute, a wife is entitled to a divorce where her husband “shall have abandoned her, and lived in adultery with another woman, or other women; or where his treatment toiler, is so cruel, and barbarous, and inhuman, as actually to endanger her life.'1'1 I. Dig. 442.
The proof in this cause, neither shows that the appellee abandoned his wife, or lived in adultery. Both should concur, unless the abandonment be fot the space of two years, which is made a distinct cause for divorce. Upon this ground, therefore, the court correctly refused a divorce.
*323 We are not satisfied from the evidence, that the treatment which the appellant received from her husband, (although it is of a character not entitled to pass without censure) did actually endanger her life in the sense in which the statute is to be understood. We are of opinion that the proof is uot strong enough; to shew that her life was endangered, by the maltreatment received, it is not such treatment, as will, in its consequences, tend to shorten life, by producing a settled melancholy; a continued heart rending anguish, which enters into the contemplation of the statute.
If that were the case, a neglect on the part of the husband, to cherish and reciprocate the affections of his wife; a display of indifference, or disgust towards her; an unméritted series of reproachful chamber lectures, concealed from all but her, to be affected by them, and many other acts, which might, and most probably would so operate, as to hasten the death of a sensitive female, by producing, at least rendering disease more fatal in its ravages upon the constition, would be good cause for divorce.
Without intending to say that such treatment on-, the part of a husband towards his wife, is not as cruel,, inhuman, and barbarous, in its moral aspect, as personal violence would be, we are constrained to say, that this is not the kind of danger to the life of the wife, against which the legislature intended to guard. On the contrary, we conceive it must be some injury to the body, intended or inflicted, which will endanger life, to justify a divorce. We cannot with sufficient certainty, ascertain-the operation of particular acts, upon the mind, and then trace the influences of. the mind upon the body, in producing diseases and death; to begin investigations of the kind, without positive command by legislative authority.
We must, therefore, decline coinciding in the. views, of the appellant’s counsel, at least, for the present. If the legislature shall ever make it good cause for divorce, that one of the married parties renders the other miserable, it will be then time to apply judicial science to the consideration of the causes of those intellectual operations, which destroy
Wile is enii-" tier! to alimo»y, for‘cruel, inhuman and treatment,’ tho’ her life be not endan-8 ’
happiness, and if the cause can be removed by a divorce, then to grant it.
There is a manifest difference between the statute pointing out the causes for which a divorce may be given, and that pointing out the causes for which alimony may be allowed. In the latter, “cruel, inhuman, and barbarous treatment, entitles a wife to alimony. I. Dig. 88. The treatment need not, as in (-[le other statute, be so enormous in degree, as actually to endanger life. Good reasons might be assigned for this difference, but it is not incumbent on us to do it. As the law is written, the distinction is obvious. Does the evidence exhibit cruel, inhuman, and barbarous treatment, on (he part of the appellee towards the appellant, or rather does it conduce to establish it? for it is a matter, which a jury must be empan-nclled to inquire into, by the express provisions of the act of 1800. I. Dig. 88. The appellant was frequently found in tears by her visitants, and sometimes, the marks of apparent violence were visible upon her; a noise has been heard in the house; she, heard to shriek, and then seen leaving the house, wringing her hands in apparent agony; and, in addition, the appellee has acknowledged laying violent bands upon her.
Were it not, that the evidence embodied in the record, shows, notwithstanding these things, that the appellee did not intend to lake the life of his wife, by injuries inflicted, we are inclined to think, that a sufficient cause for a divorce, would have been made out. We believe that a husband may be cruel, inhuman, and barbarous, in his conduct towards his wife, and yet, not endanger her life, in the sense meant by the statute, or design to take ber life.
The personal abuse of the. appellant, proved, happened at intervals, and she seems to have concealed it, at least for a time, from public regard, as much as; she could. How much more she may have suffered, than what is proved, if any, is unknown; but we think it a strong circumstance against the appellee, that his wife should have left him, after spending fourteen years in wedlock with him. No satisfactory reason *325 can be given for it, unless it be that assigned by her, his bad treatment. Her length of residence with him, shows that the connexion was formed with faith on her part. The manner in which she got over unpleasant incidents, and personal abuse, shows that she did not seek a separation upon trivial and frivolous pretexts. We perceive in her former conduct, strong motives on her part, to continue the union; these, co-operating with lhe general characteristic of her sex, ,to continue steadfast in attachment, to their husbands, and to submit to injuries, rather than proclaim to the world, by a separation, that which is regarded a disgrace to both, connected with the evi dence, would in our opinion, authorize a jury to find the fact of cruel, inhuman, and barbarous treatment towards her. The appellant has sustained, in the proof, an excellant character. The only imputation against her, isfoo high a temper, and jealously,in respect to her husband’s intercourse with other women. Whether she had cause for the exercise of these passions or not, it is unnecessary to inquire. The appellee is shown to be a sober, particular, industrious, and wealthy man.
jjjjj foraK-monynotto ynttj]s™I-8se<3> has found the facts, and tho who,e cause ProPrlTe< *
We discover a statement by one of the witnesses, nnd that too, uncontradicted, which, while we concede to him the good qualities he is proved to possess, renders it compatible with his character, to abuse his wife. He is said by the witness, to be penurious to a groat, and was never known to speak a good word of any human being. If his avarice, aided by the care and industry of the appellant, during fourteen years of her life, have accumulated a considerable estate, and the jury should find the maltreatment to exist, it is just that she should enjoy a support from that estate, although her life may not have been actually endangered. ,
The court erred in dismissing the bill, before em-pannelling a jury to inquire into the facts; so far as the appellant's claim to alimony is concerned, it must depend upon the finding of the jury. So far as the appellant’s bill prayed for a divorce, it was proper to reject it; but no order should have been made, dismissing tho bill in respect to the divorce, until the *326 whole case was prepared to be disposed of in rela*tion t0 alimony.
Denny and Rudd, for appellant; Chapeze for appel-lee.
An attempt was made in the circuit court, to direct the record of much irrelevant matter, which had crept in through the depositions. The motions made by the parties, amount to little more than calling on the court, to reject all that was illegal; and the decisions of the court upon the motions, amounts to this, that all which is illegal, be rejected, and the whole mass is sent up to us, without any cleansing, as point* ed out in Doran vs. Shaw, III. Monroe 414. We have decided the case upon the record, as it stands, only regarding such evidence as we deemed competent; and we shall .refrain from pointing out the corrections, which the inferior court ought to have made, not perceiving the utility of doing it.
It is assigned for error, that the court did not dispose of the exceptions filed to the answers of Gentry vs. Beeler. If the court had been entirely correct in dismissing the appellant’s bill, there was no necessity for deciding upon these exceptions; but if the appellant yet succeeds, by the finding of the jury, then the court ought to take steps, to ascertain the extent of the appellee’s estate, (if not sufficiently advised on that point) preparatory to settling the amount to be allowed as alimony.
it would have been proper in this case, and in general it would conduce to the despatch of business, to permit no exception to the sufficiency of an answer, to remain undecided., but to dispose of such exceptions before final trial. As this has not been done, and the court can yet act, we shall leave the sufficiency of the answers, for the.decision of the circuit court, when the cause is again before it.
It is the opinion of this court, that the decree of the circuit court be, and the same is reversed, and the cause remanded for proceedings, not inconsistent with this opinion.
The appellant must recover her costs.